Leven _v._ Smith.

## LEVEN *vs.* SMITH & HARTSHORNE.

Upon a sale of merchandize for cash to be paid on delivery, the defendant offered the plaintiffs' servant, who made the delivery, a note of the plaintiffs which had become payable for nearly the amount, and cash for the residue, which the plaintiffs declining to receive, the defendant refused to give up the goods, or pay the money ; *held*, that no title passed, and that the plaintiffs could maintain replevin for the property.

An erroneous charge upon an immaterial question affords no ground for a writ of error.

ERROR to the Kings common pleas, where Smith & Harts-horne brought replevin in the *detinet* against Leven for a quan-tity of boots and shoes. Plea, *non detinet*.

On the trial, the plaintiffs proved that on the 18th day of Jan-uary, 1845, the defendant, who kept a store in Brooklyn, called at their store in the same city and agreed to purchase of them a bill of boots and shoes, which he selected, amounting to $184,25, to be paid for in cash on the delivery at the defendant's store. Lattimer, a person in the employ of the plaintiffs, and instructed by them to deliver the goods on payment of the money, and not otherwise, packed them in boxes and took them to the defendant's store, where they were compared with the bill and found to be correct, and then the defendant offered Lattimer eight dollars in money and a note of the plaintiffs payable to the order of Young & Shultz, and by them endorsed in blank for $176,23, on which some interest had accrued, in payment of the goods. Lattimer refused to receive the money and note as payment, but proposed to go back and see Mr. Smith, one of the plaintiffs, on the subject, and receive his directions. He ac-cordingly immediately went and consulted Smith, who declined to receive payment in that way, and directed him to go and bring back the goods. He then went directly to the de-fendant's store, not having been absent from it more than four or five minutes, and required the goods to be returned or the money paid; but the defendant refused to pay or to give up the goods. Lattimer left the note on the defendant's desk on the same day, but not until after the service of the replevin, and he left the money there two days afterwards.

The defendant moved for a nonsuit, which was denied, and he excepted. Some evidence tending to vary in unimportant particulars the case made by the plaintiffs was given by the defendant; and upon his resting the plaintiffs gave evidence tending to prove that the defendant obtained the note referred to, of Young & Shultz, under an understanding that he was to pay the amount if he obtained the goods upon it, otherwise he was to return it.

Several objections were made to the admission and rejection

of testimony, and the defendant excepted to the ruling of the court upon these objections in several instances, which, however, present no questions of general interest.

The court charged the jury, that if the goods were sold for cash, to be paid for on delivery, the sale was conditional and the property did not pass until the condition was complied with; and also, that if the note was in fact obtained from Young & Shultz under such agreement as is above mentioned, the plaintiffs would for that reason be entitled to recover. The defendant's counsel excepted to the charge, and likewise presented several propositions according to which he desired that it might be modified; but the court declined to charge as requested, and the defendant excepted. The jury found a verdict for the plaintiffs, upon which the court rendered judgment. A bill of exceptions was duly signed.

*J. S. Campbell*, for the plaintiff in error.

*P. V. R. Stanton*, for the defendants in error.

*By the Court*, JEWETT, J. The goods in question were sold by the plaintiffs to the defendant for cash, to be paid on delivery. Payment and delivery were to have been simultaneous. No credit was given, and there is no evidence that the delivery to the defendant was intended to be absolute, or that the condition of payment was waived; and the mere handing over the goods under the expectation of immediate payment, did not constitute an absolute delivery. The defendant, after such delivery, held the goods in trust for the plaintiffs until payment was made or waived. (*Haggerty* v. *Palmer*, (6 *John. Ch. R.* 437;) 2 *Kent's Com. Lect.* 39; *Whitwell* v. *Vincent*, (4 *Pick.* 449;) *Furniss* v. *Hone*, (8 *Wend.* 247;) *Russell* v. *Minor*, (22 *Wend.* 659;) *Acker* v. *Campbell*, (23 *Wend.* 372.) The defendant having got the goods into his possession, refused to pay cash for them as he had agreed to do. The plaintiffs demanded them of him and he refused to deliver them up, upon which this action was brought. I think it is well sustained.

The questions arising on the trial respecting the admission

and rejection of evidence were correctly determined by the court. The charge, so far as it lays down the principles of law applicable to such a sale as that which was proved, was substantially correct.

In regard to the effect of obtaining the note in the manner mentioned, the charge was not strictly correct, but it embraced a subject not in the case. It was quite immaterial whether the defendant was the owner of the note, or was the agent of Young & Shultz in making an experiment to obtain payment for them. . The charge in that particular was entirely harmless, and forms no ground for a writ of error. (*Hayden* v. *Palmer*, 2 *Hill*, 205; *The People* v. *Wiley*, 3 *id*. 214.)

The request for further instructions to the jury was properly denied. The propositions submitted were either merely speculative or obviously incorrect.

Judgment affirmed.