## MILLER *vs.* JONES.

Upon a cash sale of property, where it is not the intention of the vendor to part with the possession of the property until he is paid the price agreed upon, in money, he will not lose title to the property by inadvertently allowing the purchaser to get possession thereof without payment.

The defendant applying to purchase a cow of the plaintiff, it was agreed that the plaintiff should sell the cow to him for $85, and that he would deliver her, at the house of the defendant, the next day. The plaintiff drove the animal to the defendant's house, and handed to the defendant the halter by which she had been led. The defendant took the cow into his barn, and hitched her there. He then refused to pay for her, except by a note of the plaintiff's, of which he was the owner. *Held* that in the absence of any proof that the condition for payment was waived, the mere handing over of the property to the defendant in the expectation of immediate payment did not constitute an absolute delivery, so as to pass the title without payment.

Whether it was the intention of a vendor to deliver the property purchased, without compliance with the condition precedent of payment, is a question of fact for the jury.

THIS action was commenced in a justice's court, of Herkimer county, to recover for the unlawful con-

Miller *v.* Jones.

version of a cow, the property of the plaintiff. The facts proved on the trial were these :

The defendant, wanting to buy a cow, applied to the plaintiff, to purchase one that he owned, and after some negotiation, it was agreed that the plaintiff should sell the cow to the defendant for $85, and that he would deliver her at the house of the defendant the next day. On the next day the plaintiff drove the cow to the defendant's house, and on arriving there, handed to the defendant the halter by which she had been led, and the defendant took the cow into his barn and hitched her there, saying "We will go up there and settle;" and they accordingly went to a butcher's shop, and then the defendant said he had a note against the plaintiff that he had got of one Golden. The plaintiff told him he did not take a note for pay ; that he wanted the money, and should take the cow back. The defendant said the cow was in his possession; and that the plaintiff should take her if he dared.

The note that the defendant had he procured from Golden, under an agreement to pay for it so much as he could afford. The plaintiff, after two or three days, demanded the cow; the defendant refused to deliver her. Judgment was rendered by the justice in favor of the plaintiff, for the value of the cow and costs. From this judgment the defendant appealed to the county court, and that court reversed it. The plaintiff then appealed to this court.

*S. & R. Earl,* for the appellant.

*A. H. Prescott,* for the respondent.

*By the Court,* MULLIN, J. It is impossible to read the evidence in this case and not be satisfied that it was not the intention of the plaintiff to part with the possession of the cow until he was paid, in money, the

price which the defendant agreed to pay for her. And it is equally certain that the defendant intended to get possession of her without paying the money, and thereafter keep her, if he could. If it be the law that the plaintiff has lost title to the cow, under these circumstances, and that the defendant has acquired it, it behooves every man to prevent, at all hazards, a purchaser from touching property sold or agreed to be sold, before the actual payment of the price. It cannot be possible that the law is so unjust as to deprive a vendor of his property, who permits the purchaser to take it into his possession before he pays the price.

When the purchaser is insolvent, and credit is not contemplated, it would be equivalent to a forcible taking of his property without consideration and against his will, to turn him over to an action for the price. No rule of law is better settled than that the vendor of a chattel has a lien on it for the price, when credit is not contemplated. This lien is lost when the property is delivered to the purchaser with the intention of passing the title. (3 *Parsons on Cont.*, 5th ed., 257.) Whether it is the intention to deliver without compliance with the condition precedent of payment of the price, is a question of fact for the jury. (*Fleeman* v. *McKean*, 25 *Barb.* 474.) The justice has found, on that question, with the plaintiff, and the finding is fully supported by the evidence.

In *Leven* v. *Smith*, (1 *Denio*, 571,) the plaintiffs sold goods to the defendants to be paid for in cash on delivery at the defendants' store. The goods were boxed and taken to the store. The defendants offered to the plaintiffs' agent a note made by the plaintiffs for part of the price, and the balance in money. The agent refused to receive the note and money, saying he would go and consult with the plaintiffs on the subject. He went and was instructed by them to go back and take the goods and bring them away. He was gone from the defendants' store but a few minutes, when he returned and

demanded the goods. The defendants refused to deliver them, and an action of replevin was brought. The cause was tried in the Kings Common Pleas, and there was a verdict for the plaintiffs. On error, the judgment was affirmed. Jewett, J., says : "Payment and delivery were to have been simultaneous. No credit was given, and there is no evidence that the delivery to the defendants was intended to be absolute, or that the condition for payment was waived. And the mere handing over the goods under the expectation of immediate payment did not constitute an absolute delivery. The defendants, after such delivery, held the goods in trust for the plaintiffs until payment was made or waived."

No distinction can be drawn between that case and the one before us.

The advice given by the attorney to the plaintiff was improperly received. But it was wholly unimportant, and could not have influenced the result.

The judgment must be reversed.

[ONONDAGA GENERAL TERM, October 6, 1868. *Foster, Morgan* and *Mullin,* Justices.]