ALBERT G. BASS, Respondent, v. JOHN WHITE et al., Appellants.

(GENERAL TERM, SECOND DEPARTMENT; 1872.)

On a contract for sale and shipment of coal for cash, to be paid on receipt of bill of lading, the defendant shipped the coal and sent the bill of lading to and requested payment of the plaintiff, who claimed an offset and offered the balance, which being refused, he offered his check for the full amount, it being after bank hours this was also refused, and next day he tendered the cash. *Held*, that the plaintiff was in default, and the defendant discharged from the contract.

Otherwise, if plaintiff had asked time to obtain funds for his check, in such case he should have had a reasonable time.

THIS action was brought to recover damages for an alleged failure of the defendants to deliver 200 tons of coal. The contract was made in July, 1868, for 400 tons of coal, deliverable at Fort Trumbull or Fort Adams, at the price of four dollars per ton, free on board at the place of shipment, with freight added; the plaintiff to pay for the coal and freight on receipt of bill of lading.

In October the plaintiff directed the shipment of the coal, and ordered the bill of lading to be filled out, requiring the delivery at Fort Trumbull. The coal was accordingly shipped, and a few days after, on Saturday at half-past two o'clock, P. M., the bill of lading was tendered to the plaintiff at his office, and payment required, but shortly after twelve o'clock noon on the same day the defendants had sent the bill of lading to the plaintiff's office, but the messenger having called three times, did not find the plaintiff until half-past two o'clock.

The plaintiff at first declined to pay the bill, there being, as he claimed, another account due to him from the defend-

ants; he subsequently on the same day (Saturday) went to the defendants' office and offered to give a check for the bill, which they refused to receive, as it was then after banking hours, and they professed to have had protested checks of the plaintiff's, and they refused to give the plaintiff the coal unless payment was made as required by the contract.

The following Monday morning the plaintiff tendered the money for the coal, and demanded the bill of lading, which was refused; he then brought this action to recover the difference between the contract price and the value of coal in October.

The jury rendered a verdict for $500. The defendants moved for a new trial on the minutes, which was denied *pro forma*, and thereupon appealed from the order and from the judgment.

*Goodrich & Wheeler*, for the appellants.

*James Troy*, for the respondent.

Present—BARNARD, P. J.; GILBERT and TAPPEN, JJ.

By the Court—GILBERT, J. The contract in this case is clear and unambiguous. It was made in New York. By it the defendants sold to the plaintiff 400 tons of coal, to be delivered either at Fort Trumbull, New London, or at Fort Adams, Newport, during the then season of navigation, and the plaintiff agreed to pay cash for the coal on receipt of the bill of lading. Two hundred tons of this coal had been delivered to the plaintiff, and paid for before the transaction in controversy arose. With respect to the remaining 200 tons, it appears that the plaintiff gave to the defendants an order for the shipment of the coal to Fort Trumbull, and it was shipped accordingly. The defendants then sent the bill of lading of this coal to the plaintiff and asked him to pay the price. The plaintiff told the messenger that there was some money due him on account from the defendants, and asked to have that deducted from the price of the coal, offering to pay the difference. This being declined by the messenger, the plaintiff afterward, and on the same day, made a similar offer

to the defendants personally. The defendants in reply required payment of the whole amount of the bill, as a condition of letting the plaintiff have the coal. The plaintiff then offered the defendants his check for that amount, which they declined to receive, and they also refused to receive the check with the indorsement of a Mr. Talmage upon it.

These facts substantially are testified to by the plaintiff himself. The rule of law arising out of them is not doubtful. It was the duty of the plaintiff to pay cash for the coal on a tender of the bill of lading. If at the time of such tender he had not the money in hand, but had it elsewhere, the law would, upon his request, afford him a reasonable time to obtain the money. If, therefore, upon the defendants' refusal to take the check, the plaintiff had asked for time to get the cash upon the check, and the defendants had refused to give the time, a different question would have been presented. But the plaintiff made no such request. The defendants were under no obligation to take the check or anything else in lieu of money. (1 Den., *infra*.) Nor were they under an obligation to take it and deliver the coal on any other day than when the bill of lading was tendered. The plaintiff was clearly in default, therefore, in not paying for the coal upon a tender of the bill of lading, and that tender, and the failure of the plaintiff to pay, discharged the defendants from the obligations of the contract. The subsequent tender of the price and demand of the coal by the plaintiff was a nullity, for he had by his own previous breach of the contract terminated his rights under it, and given the defendants a right of action against him for any damages they might have sustained in consequence of such breach. (Story on Sales, §§ 413 and 415; *Leven* v. *Smith*, 1 Den., 571; *Startup* v. *McDonald*, 6 M. & G., 593; *Des Arts* v. *Leggett*, 16 N. Y., 584.) Upon the undisputed facts of the case, the defendants were entitled to the verdict.

The judgment must be reversed and a new trial granted, with costs to abide the event.

Judgment reversed.