BARNABUS HAMMETT, Respondent, *v.* JOHN H. LINNEMAN et al., Appellants.

48 399
114 44

Whether a delivery under an agreement for the sale of chattels is absolute or conditional, depends upon the intent of the parties; to establish that the delivery was conditional, it is not necessary that the vendor should declare the conditions, in express terms, at the time of delivery. It is sufficient if the intent of the parties can be inferred from their acts, or the circumstances of the case.

Although delivery, without requiring payment, is presumptive evidence of the waiver of a condition that payment should be made upon delivery to vest title in the vendee, yet this presumption may be rebutted by the acts or declarations of the parties showing a contrary intent, and the intent, where any doubt arises, is a question of fact.

Plaintiff sold to defendant L. a quantity of coal for cash on delivery; L. asked for a credit, which was refused; plaintiff knowing that L. was about failing. The coal was delivered, and carted to L.'s yard, and mixed with other coal. Three days after delivery, plaintiff again called for payment, not obtaining it, he called again in two or three days; L. stated he could not pay. The agent learning that L. had sold out, asked him what he had done with plaintiff's coal. He admitted he had sold it, adding he could not help it. Declarations of defendants were testified to, tending to prove that L. had given to defendant B. a bill of sale of the coal, before delivery. When the sheriff seized the coal, under process in this action, L. said: "It looks so much like a swindle, I am ashamed of it." *Held* (EARL and GRAY, CC., dissenting), that there was sufficient evidence to justify the finding that the payment of the price was a condition precedent to the vesting of the title in L., and that such condition had not been waived.

(Argued October 4, 1871; decided January term, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial district, modifying a judgment in favor of plaintiff entered upon the decision of the court upon trial at Special Term.

The action is to recover the possession of 194 tons of coal, alleged to be the property of the plaintiff, wrongfully detained by the defendants, and of the value of $597.05. The defendants deny the allegations of the complaint, and claim that the coal was purchased by Linneman of the plaintiff on

a credit, and afterward sold for value to the defendant Broking.

The evidence for the plaintiff tended to prove a sale to Linneman, for cash on delivery, he paying the freight to the master, and taking the coal from the boat; that he had taken the coal to his yard, and in a few days sold the yard to Broking; that the plaintiff's coal had been mixed with other coal at the yard, and could not be separated; that Broking, when the coal was demanded of him, gave answers indicating that he had taken the yard for money owing to him by Linneman. The plaintiff also proved that he had offered to repay the freight and all expenses on the coal, and demanded its return, after a demand of payment of the price, and neglect to comply. The evidence of the defendants tended to prove that the sale was on credit, except the freight, which he had paid; that the sale to Broking was for a present consideration paid. On cross-examination it appeared that he knew Linneman was embarrassed, and was pressed by a suit, in which a judgment was about to be obtained, and that he knew of the sale of the plaintiff's coal, and that it had been taken to the coal yard of Linneman.

The judge found, 1st. That the sale of the coal was for cash and not on credit, and that the payment of the price was a condition precedent to the vesting of the property in the purchaser. 2d. That the plaintiff at no time waived the performance of the condition, and the price not having been paid, the title of the coal did not vest in Linneman. 3d. That the defendant Broking was not a *bona fide* purchaser of the coal from Linneman, and that as against the plaintiff the property in the coal did not pass by the transfer to Broking. 4th. That the plaintiff is entitled to recover, and the judge assessed the value of the coal at $597.05, and the damages for its detention at $74.88, and directed judgment accordingly.

The defendants excepted to each of the facts found by the judge and to his conclusion of law. Judgment was entered for the plaintiff for $671.93, the amount of the value of the coal

found by the judge, and the damages for its detention, together with the costs. The defendants appealed to the General Term, where it was ordered that the judgment be set aside, and a new trial be had, unless the respondent served a notice deducting $300 from the judgment, and that upon the serving such notice the sum of $300 should be deducted from the judgment, and in all other respects be affirmed, without costs of the appeal to either party. Notice in conformity with this condition imposed by the General Term was served on behalf the plaintiff. The defendants thereupon appealed to the Court of Appeals.

*A. R. Dyett* for the appellants. Every absolute delivery of goods sold on condition is presumptive evidence of the waiver of the condition by the vendor. (*Smith* v. *Lynes*, 1 Seld., 45; *Smith* v. *Dennis*, 6 Pick., 266.) A condition attached to such a sale as the one at bar is invalid, being inconsistent with it. (*Ludden* v. *Hazen*, 31 Barb., 650, General Term, opinion by ALLEN, J.) The condition was clearly waived. (6 Cow., 110; 6 Wend., 77; 1 E. D. Smith, 196; 1 Bosw., 106; 31 Barb., 650; *Draper* v. *Stovenal*, 7 Transcript Appeals, 9.)

*R. M. Harrington* for the respondent. Delivery of the goods not necessarily a waiver of the condition. (Supreme Ct., 1857, *Fleeman* v. *McKean*, 25 Barb., 474.) Upon sale of goods for cash on delivery, title does not pass on delivery unless the condition is waived. (Ct. of Appeals, 1851, *Smith* v. *Lynes*, 5 N. Y., 41; Supreme Ct., 1842, *Strong* v. *Taylor*, 2 Hill, 326; *Fleeman* v. *McKean*, 25 Barb., 474.) Sending the goods in expectation of payment did not constitute an absolute delivery. (Supreme Ct., 1845, *Leaven* v. *Smith*, 1 Den., 571.) If the purchaser made the purchase with a knowledge of his own insolvency, though he made no false representations, the sale is void. (2 Kent Com., 484; 1 Barnd. Cr., 514; Supreme Ct., 1854, *Buckley* v. *Artcher*, 21 Barb., 585; Supreme Ct., 1841, *Ash* v. *Putnam*, 1 Hill, 302; S. P., 1840, *Archer* v. *Campbell*, 23 Wend., 372.) A levy

on the goods in the hands of such a purchaser is inoperative against the vendor. (Chan. P., 1829, *Durrel* v. *Haley*, 1 Paige, 492.)

LEONARD, C. The facts proven show that the coal was delivered to the defendant Linneman from the boat which brought it to the port of New York, and that he was allowed to cart it to his yard. Whether this was an absolute or conditional delivery depended on the intention of the parties. (*Furniss* v. *Hone*, 8 Wend., 256; *Smith* v. *Lynes*, 1 Selden, 43.)

It was a fact to be found, in this case, by the court, and it has been found adversely to the appellants. We cannot go behind the fact, as found by the judge, where there is evidence to support it. There was evidence bearing on this fact, given by both sides, and it is not our province to look into it to ascertain or give any judgment as to its preponderance. The evidence was conflicting upon all the facts found, and we cannot say that they are not well found.

It is not necessary that the vendor shall declare the condition in express terms at the time of the sale. It is sufficient if the intent of the parties can be inferred from their acts or the circumstances of the case.

On the facts, as found by Judge ALLEN, before whom the case was tried at the circuit, there is a clear case for the plaintiff.

The judge found that payment was a condition precedent to the vesting of the property in the purchaser; that the condition was never waived, and that the price was never paid. Also, that Broking was not a *bona fide* purchaser.

The counsel for the appellants insists that the judge has found against the presumption of a waiver of the condition, arising from an actual delivery of the coal without payment, without any evidence.

The case of *Smith* v. *Lynes* (1 Seld., 43) is decisive that delivery, without requiring payment at the time, is presumptive evidence that the condition had been waived.

This presumption may be rebutted by the acts or declarations of the parties connected with the circumstances, showing an intention that the delivery should not be complete until the condition should be performed. Also, that the intention, where any doubt arises, is a question of fact.

The judge has found the fact, distinctly and positively, that the condition was never waived. If this fact, so found, is supported by any evidence, the plaintiff's case must be held to have been established.

Mr. Willis, a witness for the plaintiff, testified that the coal lay at the foot of Twenty-third street, East river, and was sold for cash. That Linneman wanted him to take a thirty-day note; the said Willis being the agent of the plaintiff for selling the coal, the proposition for this credit was declined.

The coal was delivered to Linneman on Monday, Tuesday or Wednesday, and Willis called for payment on Saturday, when he paid him a small balance of twenty dollars, which Willis had advanced to the captain of the boat for freight. The balance of the freight, nearly $200, was paid by Linneman to the captain. In two or three days, Willis called on Linneman again and asked for the money. Linneman said he could not pay it, he had had so much to pay. Willis then asked him, "did you sell out?" Linneman asked who told him, and upon the question being repeated, he said: "Yes, I was compelled to sell out." Willis then asked him what he did with Mr. Hammett's coal, and expressed the hope that he did not sell that? Linneman said he could not help it.

No claim was made by Linneman that the condition had been waived, but he excuses himself for having sold the coal without paying for it, upon the ground that he could not help it. It was an admission that the statement of Willis. was correct, and that he had sold the coal when he ought not to. Willis further testified, on cross-examination, that he had sold Linneman, on previous occasions, on credit, but did

not at this time for the reason that he had heard that Linneman was on the eve of failing.

Willis also testified to conversations with Linneman and Broking tending to prove that Linneman had sold the coal to Broking by a written bill of sale before the coal had been received at his yard.

This evidence was disputed by Linneman, but it appears to have been credited by the learned judge before whom the action was tried without a jury. It fully proves that no claim was made by Linneman that the condition of payment, in order to complete the sale of the coal, had ever been waived at the time when the demand was made· by Mr. Willis.

When the sheriff seized the coal under the proceedings for claim and delivery in this action, Linneman said: "It looks much like a swindle, and I am ashamed of it." Then to prevent the coal from being taken, he told the officer that it was mixed with the other coal in the yard, "all through."

We must assume that the judge gave credence to this evidence. The conclusion from it was plain that Linneman had endeavored to convert the coal without performing the condition upon which it was sold, so that the seller would be unable to seize it upon that ground, and, hence, that there had been no waiver. It was not necessary to stand by the coal while being delivered to the defendant's carts, and demand payment for each load before it was carted away, under the penalty of waiving the condition upon which the title was to pass. It was sufficient that payment was the condition agreed on, and that a request, in the case of a bulky article like coal, was made for payment promptly within two or three days after it had been received. Had there been any intention to waive the condition, Linneman would have claimed it when he was so severely accused of misconduct and bad faith in disposing of the coal without making any payment for it. Instead of claiming that he was not to pay on delivery, he substantially admits that such were the terms of the sale, by declaring that the transaction "looked much like a swindle, and that he was ashamed of it."

This testimony being credited by the court, we can be at no loss to perceive the basis of the fact found, " that the condition was never waived." It may be added that the judge might well have found that the vendee purchased the coal with the fraudulent intention of not paying for it; but he has seen fit to place his judgment upon the ground of a conditional sale, and to rebut the presumption of a waiver arising from the delivery of the coal, by a negative as to the waiver.

I think the court below might properly have found that the condition was never waived, on the evidence tending to prove that the coal was purchased with the fraudulent intention of not paying for it. A waiver of the condition could not be predicated on evidence of a fraudulent purchase, nor in a case where the vendee had sold the goods to prevent the vendor from effecting a recision of the sale to him, on the ground of a breach of the condition. Fraud vitiates every transaction, so far as the rights of the vendee are concerned.

It is unnecessary to refer to the evidence on the part of the defendants. The question of the weight or balance of evidence passed out of the case, when it left the court below. It is not the province of this court to balance conflicting evidence. It is sufficient that evidence is to be found in the case to sustain the facts as found by the court or referee, or to sustain the verdict where the trial has been had before a jury. Questions of law only are here considered as the general rule, and this is not a case within any exception to the rule.

The defendants also urge that they have not been credited for the freight paid by them, and that this is error.

No exception on that ground appears in the case.

The defendants also conceive that it makes a technical difference in their favor that the vendor of this coal knew that Linneman kept a retail coal yard, and assumes that it was delivered for the purpose of being retailed.

No such fact can be found in the case, unless it be gleaned from the details of the evidence. The attention of the judge who tried the action does not appear to have been called to this subject, nor to the question of freight. These points

cannot be legitimately raised in the cause for the first time in this court.

It is said by the defendants that the amount of the recovery is excessive.

The defendant, Linneman, mixed the plaintiff's coal with his own before payment. How much remained on hand at the time of the commencement of the action cannot be ascertained, except proximately by an estimate. The court below had the facts under review and abated $300. We cannot explore the details of the evidence to ascertain the facts bearing on this subject. The defendants must accept the loss as the penalty for not preserving a distinction between the coal of the plaintiff and of Linneman.

It is also said that the form of the judgment as entered is erroneous. I think the form is incorrect, but the defendants can have that corrected on motion by the court below, if they feel aggrieved. It is an irregularity and not an error, to be corrected by an appeal. It does not appear that the court below have ever heard the suggestion of such a ground of complaint as the last.

The judgment should be affirmed, with costs.

EARL, C. (dissenting). The plaintiff commenced this action to recover the possession of a quantity of coal, and he claims to recover upon the ground that the sale to the defendant Linneman, was for cash, and that as he did not pay for the coal the title did not pass.

I will call attention to a few recognized principles of law, which must control the decision of this case.

When goods are sold on condition of being paid for on delivery in cash, an absolute and unconditional delivery of the goods by the vendor, without exacting at the time of delivery a performance of the condition, is a waiver of the condition, and a complete title passes to the purchaser, if there be no fraudulent contrivance on his part to obtain possession.

The vendor, to avoid a waiver of the condition of sale, must

either refuse to deliver the goods without payment, or he must make the delivery at the time qualified and conditioned.

Whether the delivery be absolute or conditional must depend upon the intent of the parties at the time the goods are delivered, and this intent may be shown by the express declarations of the parties at the time of the delivery; or it may be inferred from the acts of the parties and the circumstances of the case. Where, however, the delivery is absolute, without any contemporaneous declaration qualifying it, the *onus* of the proof of the condition rests upon the vendor, and, if no such proof be offered, the delivery will be deemed absolute, and the title to the goods will pass to the purchaser. Every absolute delivery of goods, sold on condition of payment, is presumptive evidence of a waiver of the condition by the vendor, and of an intention on his part to rely wholly on the personal security of the purchaser for the payment of the price of the goods. (*Smith* v. *Lynes*, 1 Seld., 41; *Furniss* v. *Hone*, 8 Wend., 256.)

This coal was sold to one known to be a retail dealer in coal. There was an unqualified, absolute delivery of the coal to the purchaser. There can be no pretence that any express condition was attached to its delivery. Nothing whatever was said at the time of the delivery, qualifying it; and there are no circumstances surrounding the delivery, from which it can properly be inferred that it was conditional. The purchaser sold forty or fifty tons at the dock, from the barge, and immediately after delivery of the coal, commenced to retail it from his yard. Four or five days after the delivery, plaintiff's agent called upon the purchaser for pay and he said he could not pay for the coal; and the agent then asked him to pay twenty dollars on account of freight, and this he paid. The agent then went away without saying more, intending to call again at the end of another week; but in the course of three or four days, and before the end of the week, having casually heard that the purchaser had failed, he called upon him and demanded the coal, and soon after commenced this action.

Statement of case.

While, therefore, this was a sale for cash, there was an unconditional delivery of the coal, and the condition of payment was, within the principles of law above cited, waived. And this conclusion is reached upon the undisputed evidence, and hence we are not concluded by the finding of the learned judge at Special Term.

The judgment should be reversed and new trial granted; costs to abide event.

For affirmance, Lott, Ch. C., Leonard and Hunt, CC. For reversal, Earl and Gray, CC.

Judgment affirmed, with costs.