THE EMPIRE STATE TYPE FOUNDING COMPANY, Appellant, *v.*
    HUGH J. GRANT, Sheriff, etc., Respondent.

Where a sale of personal property is made on condition that the stipulated
    price shall be paid on delivery, title does not pass until payment is
    made, unless the vendor waives the condition.

Under such a contract delivery and payment are simultaneous or concur-
    rent acts, and although the articles may have been actually delivered, the
    delivery is not absolute unless the vendor has, by subsequent act, waived
    the condition of payment.

Where a contract for the sale of personal property does not provide, in
    express terms, that payment shall be made on delivery, or that payment
    and delivery shall not be concurrent the intent of the parties must con-
    trol; and if from the acts of the parties and the surrounding circum-
    stances it can be inferred that it was intended that payment and delivery
    should be concurrent acts, the title will be deemed to have remained in
    the vendor until the condition of payment is complied with.

The question of intent in such case is one of fact.

In an action to recover possession of personal property, it appeared that
    plaintiff contracted to sell to one T. the property in question, consisting
    of two printing presses, with the necessary shafting, together with a
    quantity of type and other printers' supplies, for $1,100.95, $500 to be
    paid in cash and a mortgage on the property to be given by T. for the
    balance.   Plaintiff at once commenced to put up the shafting, set the
    presses and deliver the type and other materials.   When the work was
    about half done plaintiff demanded the cash payment agreed upon.  T. paid
    $250 and plaintiff continued putting the presses in working order, trans-
    ferring the type and other materials.   Immediately after the completion
    of the work plaintiff's president went to T.'s office to collect the balance
    and there learned that T. had absconded.   On the same or the next day
    defendant, as sheriff, levied on the goods under an attachment against T.
    Plaintiff's president immediately asserted to the attaching creditor that it
    had not parted with possession of the property, and upon refusal to sur-
    render it, brought this action.   At the close of plaintiff's case the court
    directed a verdict for defendant.   *Held,* error; that the question as to
    whether there was a delivery sufficient to pass title should have been sub-
    mitted to the jury; also that by the payment of the $250 T. did not, if
    title remained in plaintiff, acquire an interest to that amount, which
    was subject to attachment.

Where a vendor of chattels is ready and offers to perform on his part and
    the purchaser neglects and refuses to perform, he cannot recover back
    the partial payments he has made.

*E. S. T. F. Co.* v. *Grant* (44 Hun, 434) reversed.

(Argued March 6, 1889; decided March 26, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 14, 1887, which affirmed a judgment in favor of defendant, entered upon a verdict directed by the court.

This was an action of replevin.

The material facts are stated in the opinion.

*George W. Stephens* for appellant. Where property is to be paid for on delivery the title remains in the vendor until either the payment is made or waived. (*Hammett* v. *Linnemann*, 48 N. Y. 399, 405; *Parke* v. *Baxter*, 86 id. 586; *Leven* v. *Smith*, 1 Denio, 571; *Russel* v. *Minor*, 22 Wend. 659; *Osborne* v. *Gantz*, 60 N. Y. 540; *Dows* v. *Kidder*, 84 id. 121, 127; *Mason* v. *Decker*, 72 id. 595, 599; *Whitney* v. *Eaton*, 15 Gray, 225; *Adams* v. *O'Connor*, 100 Mass. 515; *Farlow* v. *Ellis*, 15 Gray, 229; Benjamin on Sales [4th Am. ed.] §§ 336–350; *Thorp* v. *Fowler*, 57 Iowa, 541.) The contract itself, as testified to, and by necessary implication, contained an agreement that the title was not to pass until payment was made in the manner agreed upon. (*Stow* v. *Tifft*, 15 Johns. 458.) There was no waiver in the present instance. (Hare on Contracts, 449; *Mount* v. *Lyon*, 49 N. Y. 552; *Owens* v. *Weedman*, 82 Ill. 409; *Henderson* v. *Lanek*, 9 Hains, 359; *Paul* v. *Read*, 52 N. H. 136.) The fact that the vendee had paid $250 while the delivery was in progress does not affect the title. (*Fickett* v. *Brice*, 22 How. Pr. 194; *Frey* v. *Johnson*, Id. 316; *Hoyt* v. *Hall*, 3 Bosw. 44; *Champlin* v. *Rowley*, 13 Wend. 258; 18 id. 187; *Mead* v. *De Golyer*, 16 id. 632; *Paige* v. *Ott*, 5 Denio, 406; *McKnight* v. *Dunlop*, 4 Barb. 36; *Mount* v. *Lyon*, 49 N. Y. 552.) Plaintiff was not under any obligation to offer to return this money. (*Herring* v. *Hoppock*, 15 N. Y. 409, 411, 412; *Campbell P. P. Co.* v. *Walker*, 43 Hun, 449; *Humeston* v. *Cherry*, 23 id. 141; *Haviland* v. *Johnson*, 7 Daly, 297; *Angier* v. *Taunton Paper Co.*, 1 Gray, 621; *Sergeant* v. *Metcalf*, 5 id. 506; *Colcord* v. *McDonald*, 128 Mass. 470; *Carter* v. *Kingham*,

103 id. 513; *Knox* v. *Perkins*, 15 Gray, 529; *Hart* v. *Carpenter*, 24 Conn. 427; *Brown* v. *Haynes*, 52 Maine, 578; *Everett* v. *Hall*, 67 id. 497; *Duke* v. *Shackelford*, 56 Miss. 552; *Fleck* v. *Warner*, 25 Kan. 492; *Latham* v. *Sumner*, 89 Ill. 233; *Singer Mfg. Co.* v. *Treadway*, 4 Brad. 57; *Monroe* v. *Reynolds*, 47 Barb. 574, 579; *Ketcham* v. *Evertson*, 13 Johns. 359; *Ellis* v. *Horkens*, 14 id. 363; *Simon* v. *Kaleske*, 6 Abb. [N. S.] 224.) A creditor gets no better title than his debtor. (*Corner* v. *Cunningham*, 77 N. Y. 391.)

*Cockran & Clark* for respondent. The proof adduced by the plaintiff showed that the title to the property and also the right of possession was in Tremelling, and, therefore, the levy of the sheriff was lawful, and the plaintiff could not maintain a replevin suit. (*Sharp* v. *Whitherhall*, 3 Hill, 576; *Wood* v. *Orser*, 25 N. Y. 348.) If a chattel mortgage had been given by Tremelling the sheriff would still have been bound to levy upon the property. (*Carpenter* v. *Town*, Lalor, 72; *Redman* v. *Hendricks*, 1 Sandf. 32.; *Goulet* v. *Asseler*, 22 N. Y. 225.) The direction of the court to the jury to fix the value of the goods at the amount stated in plaintiff's affidavit and in the complaint was proper. (*Campbell* v. *Woodworth*, 20 N. Y. 499; *Remsen* v. *Buck*, 34 id. 383; *McCurdy* v. *Brown*, 1 Duer, 101; *Tiedman* v. *O'Brien*, 4 J. & S. 539.) The judgment of the court as rendered was the only judgment that could legally be given. (*Townsend* v. *Bargy*, 57 N. Y. 665; *Allen* v. *Judson*, 71 id. 77; *Parish* v. *Wheeler*, 22 id. 494.)

Parker, J. In March, 1886, the plaintiff, by its president, agreed to sell to one Guy Tremelling two printing presses, with the necessary shafting, together with a quantity of type and and other printers' supplies, for the sum of $1,100.95, payment to be made as follows: Five hundred dollars to be paid in cash, and a chattel mortgage, embracing all the property sold, to be given by Tremelling for the balance. The plaintiff at once commenced to put up the shafting, set the presses and deliver the type and other materials. When the work was about

half done, the clerk of the plaintiff was sent to Tremelling to collect the cash agreed to be paid. Tremelling paid $250 and the plaintiff went on with the work of putting the presses in working order, transferring the type and other materials, in which work the plaintiff was engaged between fifteen and sixteen days. Immediately after the materials had been put in and work completed, the president of the plaintiff went to the office of Tremelling to receive the payment agreed upon, and learned that Tremelling had absconded. On the same day, or the day following, the defendant, as sheriff of the city and county of New York, under and by virtue of a warrant of attachment regularly issued against the property of Tremelling, levied upon the effects in question. The plaintiff thereupon commenced this action to recover possession of the property. At the close of the plaintiff's case the defendant moved the court to direct a verdict for the defendant. The plaintiff asked that. the case be submitted to the jury. The court denied the plaintiff's request and directed a verdict for the defendant, the plaintiff duly excepting.

We think that the facts proven did not warrant the trial court in holding, as a matter of law, that the title to the property had passed from plaintiff to Tremelling, and, therefore, the disposition made of the case was error. It is too well settled to require the citation of authority, that where a sale of personal property is made upon condition that the stipulated price shall be paid upon delivery, title does not pass until payment made, unless the vendor waive the condition. Under such a contract, delivery and payment are simultaneous or concurrent acts by the seller and buyer; and although the articles may have been actually delivered into the possession of the vendee, the delivery is held to be conditional and not absolute, provided the vendor has not by subsequent acts waived the condition of payment. If, then, the agreement between the plaintiff and Tremelling had provided, in express terms, that payment be made on delivery (no proof having been offered tending to show a subsequent waiver of such condition), it would have been the duty of the court to hold,

as a matter of law, that the title to the chattels still remained in the plaintiff.

The agreement, however, did not provide, in express terms, that payment should be made on delivery. Neither did it provide that payment and delivery should not be concurrent. The rule in such case is that the intent of the parties must control. If it can be inferred from the acts of the parties and the circumstances surrounding the transaction that it was the intent that delivery and payment should be concurrent acts, the title will be deemed to have remained in the vendor until the condition of payment is complied with. (Benj. on Sales [Am. ed.] § 330 and notes; *Leven* v. *Smith*, 1 Denio, 571; *Hammet* v. *Linneman*, 48 N. Y. 399; *Smith* v. *Lynes*, 5 id. 41; *Parker* v. *Baxter*, 86 id. 586; *Russell* v. *Minor*, 22 Wend. 659.)

The question of intent is one of fact, not of law. It is for the jury, not for the court to pass upon. (*Hall* v. *Stevens*, 40 Hun, 578; *Hammet* v. *Linneman*, 48 N. Y. 399.)

It appears that the defendant stipulated to pay for the materials sold, $500 in cash and give a chattel mortgage on all of the property for the balance; that while the materials were being delivered, the plaintiff demanded and received $250 on account of cash payment; that immediately after the plaintiff had performed his part of the contract, its president went to Tremelling's office to receive payment and found that he had absconded, and the next day the plaintiff's president asserted to the attaching creditor that he had not parted with the possession of the goods. These facts, together with all the circumstances surrounding the transaction under the authorities cited, should have been submitted to the jury, under proper instructions, to enable them to determine whether the title passed to Tremelling or remained in the plaintiff. It is suggested, in one of the opinions of the court below, that Tremelling had acquired an interest to the extent of $250 in the property, which was subject to sale under the attachment. We do not concur in that view. If it be determined that the title to the property remains in the plaintiff, the case falls

within the established rule that where a vendor of chattels, when the period of performance arrives, is ready and offers to perform on his part, and the purchaser neglects and refuses to perform, for any reason, he cannot recover back the partial payments he has made. (*Monroe* v. *Reynolds & Upton*, 47 Barb. 574 ; *Humeston* v. *Cherry*, 23 Hun, 141.)

The judgment of the General Term and of the Circuit should be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.