### THOMPSON *v.* LESLIE.

*(Supreme Court, General Term, Second Department.   May 11, 1891.)*

SALE—PAYMENT AND DELIVERY.
> Plaintiff sold to defendant a lumber-yard for $2,000 cash and the balance in notes, "an inventory of stock to be taken at once, satisfactory to both parties;" defendant "to take control of the business at once."   While the inventory was being taken, defendant handed plaintiff's son a check for $2,000, and received the keys of the lumber-yard.   A few days afterwards plaintiff returned the check to defendant, stating that he must not take possession until the inventory was finished and notes given.   The appraisers failed to complete the inventory.   *Held,* that the contract required payment in cash and notes on delivery.

Appeal from special term, Kings county.

Action by James Thompson against Henry D. Leslie to restrain defendant from interfering in any manner with plaintiff's lumber-yard.   There was a judgment for plaintiff, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Palmer & Boothby,* for appellant.   *William H. Mullen,* for respondent.

BARNARD, P. J.   In November, 1888, the defendant conveyed to the plaintiff a lumber-yard and stock of lumber, with the books of account for lumber sold.   The transfer was made to secure the plaintiff for a claim he had against the defendant.   The informal understanding was that the plaintiff, upon being paid his claim, including money paid for future purchases of lumber after crediting the collections from the books, was to convey the property back to the defendant.   The plaintiff took possession of the property, and conducted the business on his own account until the 5th of June, 1889.   Thomas G. Patterson then entered into an agreement in writing with the plaintiff on these terms:

"I, James Thompson, of Staten Island, hereby agree to sell back to H. D. Leslie the lumber business sold to me by him on November 21st, 1886, as per bill of sale of that date for the firm of Leslie & Patterson, to-wit: H. D. Leslie, of West New Brighton, and Robert Patterson, of Jersey City, N. J., are the following creditors. Whatever stock is over the amount at the time I purchase is to be paid for at market prices. The above firm of Leslie & Patterson to assume the debts due on purchase of lumber by me. Also to assume the amount of cash paid by me for H. D. Leslie's account to the amount of $10,000, secured as follows: $2,000 in cash, and $8,000 in notes to be made payable in one, two, three, four, five, and six months from date of purchase, indorsed by T. G. Patterson, of New York City. An inventory of stock to be taken at once, satisfactory to both parties. The firm of Leslie & Patterson to take control of the business at once.

[Signed]                                           "T. G. PATTERSON.
        "                                          "JAMES THOMPSON."

This agreement was dated 19th of May, 1889, but was not executed until the 5th of June following. The parties at once began to take an inventory, and continued until the 13th of June, 1889, when Leslie and Thompson, appraisers, left, and did not return. The inventory was not finished. On the 6th of June, 1889, Henry D. Leslie handed a check to plaintiff's son for $2,000, indorsed by T. G. Patterson, stating to him that everything was all right, and that he would take possession on Monday, June 10, 1889. The plaintiff had therefore delivered up the keys to him, and on Monday Leslie took possession. The plaintiff on Monday, June 10, 1889, returned the check to the defendant, who has since retained the same; and he notified Leslie that he must not assume possession until the inventory had been taken and the notes given. On the 19th of June, 1889, this action was commenced, upon Leslie claiming a right to take and keep possession of the yard. The defendant had no right to the possession. The general rule is well established that upon a sale of personal property for cash the payment and delivery are to be simultaneous acts. *Founding Co.* v. *Grant,* 114 N. Y. 40, 21 N. E. Rep. 49. The agreement is one which calls for payment on delivery. The sale is upon the express condition that the purchaser secure a debt of $12,000 by notes indorsed by T. G. Patterson, as well as the payment of $2,000 in cash. The expressions in the agreement, that the inventory is to be given at once, and that the purchaser is to take control of the business at once, are not to be construed as making an exception to the general rule that the performance and the delivery must be simultaneous acts. There was no waiver of the condition. Proof of a waiver must be clear. On Saturday, June 5, 1889, the $2,000 check was given and no notes. The inventory was commenced on Monday, and on Thursday all effort to take it fell through. On Monday the check was returned, and the plaintiff protested against Leslie assuming any control of the business. What was done was done upon the supposition that the inventory would be completed and the notes given, and did not amount to a delivery of possession with the intent to transfer the title and waive the condition. The exceptions are not well taken. The contract alone controlled the time of delivery. The consideration paid by plaintiff in November, 1887, was immaterial; the contract made the consideration for the retransfer. If there was lumber delivered by Leslie to plaintiff from the yard on the 12th of June, 1889, it would not tend to establish a waiver, under the other evidence in the case. The judgment should therefore be affirmed, with costs.

All concur.