## RYAN v. WOLLOWITZ et al.

### (Supreme Court, Appellate Term. December 13, 1898.)

SALES—TRANSFER OF TITLE—EVIDENCE.

    Where goods were delivered on trial to one who was to buy them if they suited, title to remain in the seller, the latter was entitled to possession of them as against a third person not shown to be a bona fide purchaser.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Maurice Ryan against Louis Wollowitz and others. There was a judgment for defendants, and plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

A. A. Joseph, for appellant.

A. B. Schleimer, for respondents.

GILDERSLEEVE, J. The action is brought to recover a quantity of shoes, alleged to be wrongfully detained by defendants. As the complaint was dismissed at the end of plaintiff's case, the construction most favorable to the plaintiff must be put upon the testimony. It appears that the plaintiff and the Lester Shoe Company, which has assigned its claim to plaintiff, delivered chattels to one Spitalsky on the understanding that said Spitalsky was to examine them, and, if they suited him, buy them, but that the title was to remain in the vendors until the property was paid for, and, if Spitalsky did not pay, the goods were to be returned. Under these circumstances, there was no transfer of title to Spitalsky, unless, indeed, he paid for the goods. See Type-Founding Co. v. Grant, 114 N. Y. 40, 21 N. E. 49. There does not seem to have been any particular time fixed in which Spitalsky was either to pay or return the goods. The record, indeed, is exceedingly unsatisfactory. There is no direct evidence that the goods were not paid for by Spitalsky, but it seems to have been assumed on the trial that they were not paid for by him. In some way, not explained, the goods got into the possession of the defendants, on whom a demand for them was made and refused. Whether the defendants were bona fide purchasers from Spitalsky, or not, does not appear. Had defendants been shown to be purchasers in good faith, the transactions between Spitalsky and the plaintiff and his assignor might, under the provisions of the statute (Laws 1897, c. 418, § 112), be regarded as an absolute sale, so far as defendants were concerned, and the latter's title be held good; but, as we have said, there is no such evidence, and this important fact cannot be assumed. If defendants were not bona fide purchasers, they acquired no better title than that possessed by Spitalsky, who, as we have seen, under the evidence presented, acquired none from the original owners. We are inclined to the opinion that a new trial should be ordered, when it is to be hoped that a more intelligible case will be presented.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.