### SCHER et al. v. ROHER.

(Supreme Court, Appellate Term.   April 20, 1901.)

1. SALES—CONTRACT—MODIFICATION—DELIVERY—TITLE.
   Where plaintiff sold defendant goods partly on credit, and the contract was modified by substituting more expensive goods on condition that the balance should be paid on delivery, a finding that the title did not pass by a delivery unaccompanied by payment was proper.

2. SAME—REPLEVIN—PAYMENTS RECEIVED—TENDER.
   Where a contract to sell goods for $100 cash, and the balance on credit, was modified by substituting more expensive goods on defendant's agreement to pay the balance on delivery, and defendant did not pay on delivery, plaintiff was entitled to maintain replevin without tendering the $100 received.

Appeal from municipal court of city of New York, Second district.

Action by Barney Scher and others against Herman Roher.   From a judgment of a justice court in favor of plaintiffs, defendant appeals.   Modified.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

David Bergstein, for appellant.
William Blau, for respondents.

BISCHOFF, P. J.   The goods in suit were originally sold to the defendant on credit so far as there was a balance due over the sum of $100, paid at the time; but it sufficiently appears from the evidence, in support of the justice's finding of the fact, that prior to the delivery the agreement was modified by the requirement that the balance be paid when the goods were delivered, the modification being in consideration of the substitution of certain more expensive chattels without extra charge.   The result was that the sale became conditional upon the payment of the money thus due, and it was competent to the justice to find as matter of fact that title was not to pass until delivery, accompanied by payment.   Founding Co. v. Grant, 114 N. Y. 40, 21 N. E. 49.

There is no question in the case as to the defendant's right to credit for the partial payment or deposit made by him.   Upon repossession of the goods by the plaintiffs the parties may be considered as being placed in the position which they occupied before the delivery, or the defendant might be held to have forfeited his right to credit for the partial payment by reason of his breach of the condition.   It is unnecessary to determine the precise standing of the parties as to this, for the law is settled that the vendor may maintain an action for replevin, under the circumstances disclosed, without any tender of the payments received.   Benj. Sales (7th Ed.) p. 301.   The evidence as to the manner in which delivery was procured, without payment, at the defendant's place of residence, negatives any possible waiver of the condition upon which the sale was to depend, and our conclusion is that the cause of action was sufficiently proven.

69 N.Y.S.—59

With regard to the award of damages as an alternative to possession of the goods, however, we find no basis in the return for the amount fixed by the justice, the sum of $69. In the absence of proof as to the value of the use of this furniture, the damages are not shown to exceed $39, with interest, in any aspect of the record, and there should be a reduction accordingly. The judgment will therefore be reversed, and a new trial ordered, with costs to appellant to abide the event, unless plaintiffs shall stipulate to reduce the amount of damages to $39, with interest from the 23d day of March, 1900. In the event that such stipulation be given, the judgment will be affirmed, without costs. All concur.