LESTERSHIRE LUMBER & BOX CO. v. W. M. RITTER LUMBER CO.

(Circuit Court of Appeals, Second Circuit. April 8, 1907.)

No. 189.

SALES—WARRANTY OF QUALITY—EFFECT OF ACCEPTANCE.

A provision of an executory contract for a sale of lumber that "it is understood that this stock will be dry 'and in condition to work on arrival," if construed as a warranty, is not one which survived the acceptance and retention of the lumber by the purchaser, under the law as settled by decision in New York; the condition of the lumber being obvious on inspection.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 818.]

Wallace, J., dissenting.

In Error to the Circuit Court of the United States for the Northern District of New York.

The case comes here upon the pleadings and the report and opinion of the referee to whom the issues were referred by stipulation of the parties.

Carver, Deyo & Hitchcock, for plaintiff in error.

Kernan & Kernan, for defendant in error.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

COXE, Circuit Judge. After a careful examination of the report and able and comprehensive opinion of the referee we see no reason to disturb his conclusions of law.

The only question which we regard as at all doubtful is that presented by the second and third assignments of error, namely, whether or

not the referee erred in finding that the provision of the contract, "It is understood that this stock will be dry and in condition to work on arrival" was a sale by words of description only, not constituting an express warranty, there being in no event a warranty which survived the acceptance of the lumber.

The defendant was entitled to have dry and workable lumber delivered; its condition in this regard was obvious and could have been easily ascertained by defendant's inspectors. It is not a case of secret imperfections or latent defects. With full opportunity to discover the condition of the lumber as to dryness, the defendant, having ascertained the facts, was under no obligation to keep the lumber if not up to the contract standard, but, having accepted and used it, the warranty, even assuming the language used to be in the nature of a warranty, was lost; it did not survive the acceptance.

There is some conflict of authority upon this question, but we agree with the referee that the facts bring the controversy within the rule of Reed v. Randall, 29 N. Y. 358, 86 Am. Dec. 305. In that case the plaintiffs converted the property and months after delivery and acceptance brought an action to recover damages resulting from its being improperly cured and being in bad condition when delivered. The defendant had agreed to deliver the merchandise (tobacco) "well-cured and boxed, and in good condition." The court held that in an executory contract of sale the right to recover damages because the goods do not correspond with the contract will not survive an acceptance and retention of the property with full opportunity to ascertain the defect, in the absence of notice to the vendor or proof of fraud.

Reed and Randall is a leading case and has been the law of New York for nearly half a century. Its application has by subsequent adjudications been somewhat circumscribed, but we think it cannot be distinguished on the facts from the present controversy.

See, also, Waeber v. Talbot, 167 N. Y. 48, 60 N. E. 288, 82 Am. St. Rep. 712; Gentilli v. Starace, 133 N. Y. 140, 30 N. E. 660; Studer v. Bleistein, 115 N. Y. 317, 22 N. E. 243, 5 L. R. A. 702.

It follows that the judgment must be affirmed with costs.

LACOMBE, Circuit Judge. I concur in the result arrived at by Judge COXE because I am of the opinion that the provision as to dryness of the timber was not a warranty.

WALLACE, Circuit Judge. I dissent. In my opinion there was an express warranty as to the condition of dryness, as well as to the quality, of the lumber, and the defendant was not precluded by accepting the lumber, after an opportunity to discover that it did not comply with the warranty, from recovering by way of recoupment the damages resulting from the breach. See Bagley v. Cleveland Rolling Mill Co., 22 Blatchf. 342, 21 Fed. 159, and Zabriskie v. C. V. R. R. Co., 131 N. Y. 72, 29 N. E. 1006.