## W. M. RITTER LUMBER CO. v. LESTERSHIRE LUMBER & BOX CO.

(Circuit Court of Appeals, Second Circuit.    April 8, 1907.)

No. 177.

1. SALES—CONSTRUCTION OF CONTRACT—ACTION FOR BREACH.

An order for lumber given in January, 1902, stating that "you may enter our order for 4,000,000 feet of shipping cull poplar of same grading as that furnished us by you during the year 1901 and in accordance with our contract dated February 18, 1901," did not render the contract made by its acceptance a continuation of the prior contract, which is referred to merely in connection with the grade, and especially where the price named was different, and a breach of the first contract by the purchaser afforded no ground for the refusal of the seller to perform the second.

2. APPEAL AND ERROR—REVIEW—FINDINGS OF FACT BY REFEREE.

Where the testimony taken before a referee is not in the record as sent to an appellate court, his findings of fact, or upon mixed questions of law and fact, cannot be reviewed.

In Error to the Circuit Court of the United States for the Northern District of New York.

For opinion below, see 144 Fed. 568.

On writ of error to review a judgment for $24,397.33 damages, interest and costs, entered April 17, 1906, in favor of the plaintiff for damages occasioned by the failure of the defendant to deliver lumber to the plaintiff pursuant to an order for 4,000,000 feet of lumber, dated January 2, 1902, which order was duly accepted by the defendant. The case comes here upon the pleadings, report and memorandum of the referee and also upon the opinion of the judge of the Circuit Court, delivered upon plaintiff's motion for judgment and defendant's motion for a new trial.

John D. Kernan and Kernan & Kernan, for plaintiff in error.

I. T. Deyo and Carver, Deyo & Hitchcock, for defendant in error.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM.    The order out of which this controversy arises is as follows:

"Lestershire, N. Y., Jan. 2, 1902.

"W. M. Ritter Lumber Co., Columbus, Ohio:

"You may enter our order for 4,000,000 feet of shipping cull poplar of same grading as that furnished us by you during the year 1901 and in accordance with our contract dated February 18, 1901. It is understood that this stock will be dry and in condition to work on arrival. Shipments are to be made during the year 1902 as we direct, and all the 4,000,000 feet is to be taken on or before January 7, 1903. It is also understood that you will deliver this stock by way of the Erie Railway at Endicott or Lestershire as we may direct and that the price will be $17 per thousand feet, delivered at either of the points named.

"Yours very truly,                Lestershire Lumber & Box Co."

The defendant refused to execute the order for the reason that the plaintiff had neglected to pay for lumber sent pursuant to prior orders, which neglect resulted in a suit and a recovery against the Lestershire Company, the writ of error to review the judgment (153 Fed. 573) being argued cotemporaneously with the writ in the present action. The sole question of importance now to be determined is, was the order of January 2, 1902, a continuation of the previous agreement of Feb-

ruary 18, 1901, or was it a separate and independent agreement? If the latter, a breach of the 1901 agreement constituted no defense.

The question turns practically upon the construction to be given the words "and in accordance with our contract dated February 18, 1901." With these words omitted it cannot be seriously contended that there is any substantial ground for the contention that the 1902 contract was merely a continuation of the earlier one. Both the referee and the judge find that these words were inserted merely as a convenient method of determining the grade. The referee says of the 1902 order and acceptance:

"It is a contract complete in itself and having a different price for the lumber. The fact that the lumber is to be of the same grade as that furnished in 1901 in accordance with the contract of February, 1901, does not make the order of January, 1902, a continuance of the former one, or supplemental to it. It simply states a method of determining the grade to be furnished. The contract is a new one at a different price."

The judge says:

"The only reference in the order of January 2d to the order of February 18, 1901, is in the following language: 'You may enter our order for 4,000,000 feet of shipping cull poplar of same grading as that furnished us by you during the year nineteen hundred and one and in accordance with our contract dated February 18, 1901.' It cannot be reasonably contended that the words 'and in accordance with our contract dated February 18, 1901,' refer to anything more than the grade of the lumber to be furnished under the order. These words have no reference to any contract made February 18, 1901, to deliver a further quantity of lumber."

It is argued by both parties that it was proper in construing the agreement, which is not free from ambiguity, to take into consideration the circumstances surrounding the transaction. U. S. v. Peck, 102 U. S. 64, 26 L. Ed. 46; Empire State Type Co. v. Grant, 114 N. Y. 40, 21 N. E. 49. This is true and the referee who saw and heard the witnesses decided the issue in favor of plaintiff. Under the rule as laid down in this circuit (Chicago Co. v. Clark, 92 Fed. 968, 35 C. C. A. 120), the testimony has not been returned and we have no means of determining what the surrounding circumstances were except as they may be inferred from the report. It is manifest that we cannot reverse the finding of the referee upon questions of fact, or upon mixed questions of law and fact. St. Louis v. Rutz, 138 U. S. 226, 241, 11 Sup. Ct. 337, 34 L. Ed. 941.

We see no reason to disturb the conclusion that the 1902 agreement was independent of all the previous dealings between the parties. There can be no question as to the breach of this contract. We think the referee correctly assessed the damages.

The judgment is affirmed with interest and costs.