In re KINGSTON REALTY CO. et al.

(District Court, E. D. New York. December 2, 1907.)

BANKRUPTCY—RECLAMATION OF PROPERTY BY SELLER—PASSING OF TITLE.

Claimant made certain show case fixtures for a store building of the bankrupts under a contract in the usual form of builders' contracts, by which 85 per cent. of the price was to be paid on architect's certificate on delivery, and the balance when the fixtures were in place and accepted. They were delivered, boxed, and the architect's certificate was obtained, but bankruptcy having intervened payment was not made and claimant elected to retain the goods. *Held*, that there had been no delivery which passed title, and that claimant was entitled to reclaim the property.

In Bankruptcy. On petition for reclamation of property.

William Carl (Cyrus C. Miller, of counsel), for petitioner.
Robert F. Randall, for receiver.

CHATFIELD, District Judge. The goods sought to be obtained are show case fixtures, to be made, set up, and delivered under a contract in the form usual for builders' contracts with relation to structures upon real estate. Eighty-five per cent. of the contract price was to be paid upon architect's certificates on delivery, the balance when in place and accepted. The goods were sent to the store of the bankrupt, and then an attempt was made to get a certificate from the architect. After some days this was done, and payment demanded. The goods were still boxed, and as payment was refused the contractor elected to take his goods back. Under ordinary circumstances there would be no question. Bankruptcy, however, occurring before the election could be made or carried out, it is necessary to consider whether the rights of other creditors have intervened.

If the transaction was one of sale upon payment, then title did not pass, unless there was a waiver of the condition. Empire State Type Founding Co. v. Grant, 114 N. Y. 40, 21 N. E. 49, and Gibson v. Tobey, 46 N. Y. 637, 7 Am. Rep. 397. There was apparently no waiver, and nothing from which to infer an intent to waive or to give up a right to the fixtures before payment. If the transaction be looked at from the standpoint of a building contract, with the requirement of final certificate before the work was actually accepted, then there is still less ground for assuming delivery. Title might pass as fast as material is made a part of the real estate, but not when sent to the ground merely for inspection to be paid for on certificate.

The creditor elected to take his goods, which are appraised at about one-fourth of 85 per cent. of the contract price. He agrees to give a release to the bankrupt estate of all claims under the contract, and to waive any claim for damages under his contract. He should be allowed to have the goods without the necessity of reclamation proceedings.