BURNHAM v. EYRE et al.

(Supreme Court, Appellate Division, Second Department. January 24, 1908.)

1. PRINCIPAL AND AGENT—UNDISCLOSED AGENCY—RIGHTS OF UNDISCLOSED PRINCIPAL.

Defendants, stockbrokers, on an order from M. to buy certain stock for delivery, instructions to follow later, purchased the stock, paid for it in cash, and advised M. by wire that they had made the purchase for his account and risk. M. directed defendants to send on the certificates in plaintiff's name, and attach a draft for the purchase price. Defendants had the stock transferred to plaintiff, obtained a new certificate therefor in his name, and delivered it, with the draft on M. attached, to a bank to collect the draft, and thereupon deliver the certificate. Before the draft reached M. he had absconded, and the draft was dishonored, whereupon the certificate and draft were returned to defendants. M. had ordered defendants to purchase the stock because he had received a like order from plaintiff, but of this fact defendants had no knowledge at the time of the purchase. Plaintiff paid M. for the stock the day after its purchase. *Held*, that defendants cannot be required to deliver the certificate to plaintiff without being paid the purchase price therefor; the payment by plaintiff to M. being not a payment to defendants, since M. was not defendants' agent, but plaintiff's.

2. SAME—DISCLOSURE OF PRINCIPAL—FACTS PUTTING THIRD PERSONS ON INQUIRY.

In such a case, the mere fact of M. directing defendants to send on the certificate in plaintiff's name did not disclose plaintiff as M.'s principal.

3. SAME—TITLE OF UNDISCLOSED PRINCIPAL.

In such a case, the fact that the legal title to the shares was in plaintiff by reason of the transfer thereof to his name gives plaintiff no right to the certificate without payment therefor, the title being only a defeasible one at the suit of defendants, who made the transfer under a contract to be paid on delivery of the certificate.

Submission of controversy on agreed statement of facts, by William P. Burnham, plaintiff, and Maynard C. Eyre and others, defendants. Judgment for defendants.

The defendants are stockholders in New York City, and members of the Stock Exchange there. They received by telegraph an order from one Mitchell, a stockbroker in San Francisco, California, to purchase 40 shares of

stock as follows: "Buy 40 Union Bag & Paper market for delivery. Will instruct later." They made the purchase, paid for it in cash, and advised Mitchell by telegraph that they had made the purchase "for your account and risk." Mitchell responded directing them to send on the certificate of the shares in the name of William P. Burnham (namely, the plaintiff), and attach draft for $3,300, which was the purchase price. They had the stock transferred to the said Burnham on the books of the company and obtained a new certificate thereof in his name, and delivered the same, with the draft on Mitchell attached, to the Bank of New York to collect the draft and thereupon to deliver the certificate. Before the draft had reached San Francisco, Mitchell had suspended business and absconded, and the draft was dishonored, and came back in due course to the defendants with the certificate attached. The defendants have possession of the unpaid draft and the certificate.

Mitchell ordered the defendants to purchase the stock because he had received an order for the purchase of the said stock from Burnham, the plaintiff, but Mitchell did not communicate that fact to the defendants, and they had no knowledge of it in purchasing the stock. After Mitchell received the said telegram from the defendants of the purchase of the stock, the plaintiff paid him therefor the next day.

We are called upon to decide whether the plaintiff is entitled to have the certificate of the shares of stock delivered to him by the defendants without his paying to them the purchase price thereof.

Argued before WOODWARD, JENKS, HOOKER, MILLER, and GAYNOR, JJ.

Joseph M. Hartfield, for plaintiff.
Eliot Norton, for defendants.

GAYNOR, J. The rights of the defendants are in no way changed by the fact that Mitchell purchased for an undisclosed principal, viz., the plaintiff. They can no more be required to deliver the certificate of the shares of stock to the plaintiff without being paid the amount which they paid therefor than the plaintiff's agent, Mitchell, could require them to deliver it to him without such payment. The fact that the shares were put in the name of the plaintiff by the defendants, by the direction of the plaintiff's said agent, after they had made the purchase, is immaterial, even if such direction could be held to have disclosed that the plaintiff was the principal of Mitchell. The purchase had already been made for Mitchell, and the rights of the parties fixed thereby. The act of the defendants in putting the shares in the name of the plaintiff did not change the right of the defendants to be paid on delivery of the certificate, whoever had to pay. The mere fact of Mitchell taking the certificate in a name other than his own, did not disclose that person as his principal, if that could make a difference. It is a common thing for the real purchaser of stock to take it in the name of another. The act is equivocal at best. But if it did, the case would still be that the defendants were to deliver the certificate only on payment. Payment by the plaintiff to Mitchell was not payment to them. He was not the defendants' agent, but the plaintiff's.

We have before us the common case of property, or the written certificate of title thereto, to be delivered on payment therefor. That the legal title to the shares may be in the plaintiff by reason of the transfer of the shares to his name, does not alter the case. It is only a defeasible title, at the suit of the defendants, for they made the

transfer under a contract to be paid on delivery of the certificate by them (Empire State Type Founding Co. v. Grant, 114 N. Y. 40, 21 N. E. 49); and equity will not require the certificate to be delivered to the plaintiff until he pays the purchase price.

Judgment for the defendants.

Judgment for defendants on submission of controversy, with costs. All concur.