COMMERCIAL MOTORS MORTGAGE CORPORATION, Appellant, *v.* MACK INTERNATIONAL MOTOR TRUCK CORPORATION, Respondent.

Fourth Department, May 6, 1925.

Chattel mortgages — action for conversion of three motor trucks and for damages for money paid out because of fraudulent acts and representations of defendant in collusion with alleged owner of trucks — plaintiff's claim is based on chattel mortgage executed January 14, 1922 — unreceipted invoices were presented to plaintiff by alleged owner at time loan was made — trucks were not in alleged owner's possession until January 17, 1922 — delivery of trucks to corporation to have bodies made not unconditional appropriation of trucks to contract of sale under Personal Property Law, § 100, rule 4, subd. 2 — defendant received conditional sale contract on January twenty-eighth — evidence fails to show that as to two of trucks title had passed to alleged owner or that there was fraudulent scheme between defendant and alleged owner — admission by cashier of defendant not binding on defendant — third truck was within alleged owner's possession at time chattel mortgage was executed — question of fact whether title to that truck passed, and if so, when — court properly, under Civil Practice Act, § 482, denied plaintiff's motion to amend judgment by providing that dismissal of complaint was without prejudice.

In an action against a manufacturer of motor trucks to recover damages for the conversion of three motor trucks retaken by it from the purchaser, and also damages based upon alleged fraud and misrepresentation by defendant, in collaboration with the alleged owner of the trucks, which action is based upon a chattel mortgage given by the alleged owner to the plaintiff, the plaintiff failed to show that there was any fraudulent scheme between the defendant and the alleged owner to defraud the plaintiff, and, as to two of the trucks, failed to show that title had passed to the alleged owner on January 14, 1922, when the mortgage was executed, since it appears that the alleged owner pre-

**26** Commercial M. M. Corp. *v.* Mack Internat. M. T. Corp.

Fourth Department, May, 1925. [Vol. 213

sented to the plaintiff unreceipted invoices for the motor trucks and asked for a loan thereon; that the plaintiff knew that the invoices were not receipted, and although no contract of sale was presented and none was seen by the plaintiff, the loan was made on security of the chattel mortgage; that on the day the chattel mortgage was executed the two trucks had not been delivered by the defendant to the alleged owner, and were not delivered until January 17, 1922, and subsequently, and on January 28, 1922, the defendant took a conditional sale contract covering the two trucks.

The delivery by the defendant of the two trucks to another corporation for the purpose of having bodies made for them, which corporation was ordinarily engaged by the defendant to do that work, was not an unconditional appropriation of the trucks to the contract of sale within the meaning of subdivision 2 of rule 4 of section 100 of the Personal Property Law, and, therefore, title did not pass to the alleged owner on delivery to the body corporation.

A letter written by the cashier of the defendant stating in effect that the automobiles were purchased on January 14, 1922, by the mortgagor was improperly admitted in evidence as an admission against interest, for the cashier was not legally capable of binding the defendant by an admission against interest.

Since there is some evidence to show that the third truck was delivered to the alleged owner prior to January 14, 1922, and had been used by him, and since there was no proof that the plaintiff had any knowledge, actual or constructive, of any claim or interest in the truck by the defendant, it was improper to grant a nonsuit, but the question whether or not there had been a contract of sale between the alleged owner and the defendant, and if so, when that contract was made, what the intentions of the parties were, and when the truck was delivered to the alleged owner, should have been submitted to the jury.

The court, under section 482 of the Civil Practice Act, properly denied plaintiff's motion to amend the judgment by providing therein that it was without prejudice to a new action.

Appeal by the plaintiff, Commercial Motors Mortgage Corporation, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Erie on the 23d day of January, 1924, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case, and also from an order entered in said clerk's office on the 23d day of February, 1924, denying plaintiff's motion to amend the judgment by inserting a provision that the dismissal of the complaint was without prejudice.

*Wortley B. Paul* [*Simon Fleischman* and *Martin Clark* of counsel], for the appellant.

*Chadbourne, Stanchfield & Levy* [*Harold A. Callan* of counsel], for the respondent.

Taylor, J.:

This plaintiff is a foreign corporation, and the defendant a domestic corporation. Prior to January 14, 1922, one Arthur P. Thissell applied to the secretary of the plaintiff for a loan on three large auto trucks, one, a three-and-one-half-ton truck, and the two

others, five-ton trucks. At the time this application was made Thissell presented three unreceipted invoices severally covering the three trucks upon which the loan was asked. These invoices contain the printed name of defendant and other printed matter. They state the name of the salesman, describe the truck and the equipment of each truck covered. There is also upon the invoices these words, " as per contract dated November 25, 1921, (December 31, 1921)." The invoices are made out to the Buffalo-Cleveland Motor Freight at Elk and Louisiana streets, Buffalo, the name under which and the place where Thissell was doing business. These invoices were exhibited and handed to Mr. Manning, the secretary of the plaintiff, at the time the application was made for the loan.

The plaintiff thereupon loaned $16,021.40 to Thissell, and took from him three promissory notes executed by the Buffalo-Cleveland Motor Freight, per Arthur Thissell. At the same time Thissell executed to plaintiff three chattel mortgages covering the trucks. The difference between the amount of the three notes and the amount of the check received by Thissell (being the sum of $2,202.09) represented interest prepaid upon the loan, insurance on the trucks, cost of investigations by plaintiff at Cleveland and a bonus. The notes were payable in installments.

The three-and-one-half-ton truck had been in the possession of Thissell since November, 1921. On January seventeenth following the two five-ton trucks were physically delivered to Thissell by the defendant, together with receipted invoices covering them. These invoices were destroyed after they came back to the defendant. On January twentieth plaintiff's said chattel mortgages were filed and on the same day Thissell's checks were delivered to the defendant for the balance due on all three trucks, a small deposit payment having been made on each of the trucks in the fall of 1921. These checks given defendant by Thissell were held by defendant for some time and never paid. On January twentieth defendant took a conditional sale contract from Thissell covering the three-and-one-half-ton truck, and on January twenty-eighth, took similar conditional sale contracts covering the two five-ton trucks.

The defendant took back possession of the trucks from Thissell in the early part of June, 1922. About the middle of June, 1922, plaintiff demanded possession of the trucks from defendant, which was refused. At this time Thissell was in default under his chattel mortgages to plaintiff, whereby plaintiff was in a position to bring an action as owner of the trucks for their possession. (*Barrett Mfg. Co.* v. *Van Ronk,* 212 N. Y. 90.)

This action was thereupon brought, plaintiff suing in one cause

of action for conversion, and in a second cause of action claiming $17,000 damages for moneys paid out because of fraudulent acts and representations of the defendant in collaboration with Thissell. The court dismissed the complaint at the end of the plaintiff's case.

It appears from the testimony that Thissell had never driven either of the two five-ton trucks before January 17, 1922, perhaps had never seen them. Defendant's employees had brought both of them to defendant's Buffalo service station on January sixteenth from the Mulholland Body Company, which was a Dunkirk concern manufacturing truck bodies and painting trucks. The Mulholland Company had had these two trucks for about a month, placing bodies on them for the defendant; it also painted " Buffalo-Cleveland Motor Freight " on the trucks, under orders from Thissell.

These two trucks were not specially delivered to the Mulholland Company as a bailee for Thissell. So that under subdivision 2 of rule 4 of section 100 of the Personal Property Law (as added by Laws of 1911, chap. 571), known as the Sales of Goods Act, the defendant cannot be " presumed to have unconditionally appropriated the goods to the contract." The defendant had been hiring the Mulholland Body Company to manufacture all its truck bodies, and in the case of these two trucks the regular course of business seems to have been followed.

The unreceipted invoices exhibited to plaintiff's secretary by Thissell, when he obtained his loan, were not proved to have been delivered by defendant to Thissell, nor to have been issued at all by the defendant. The plaintiff cannot be heard to claim through them that it is an innocent party who has wrongfully suffered.

The invoices refer to " contracts " of certain dates. But these " contracts " are described by plaintiff's witness Hulsizer (defendant's branch manager) as " orders " received by defendant in November, 1921. And it is interesting to note that no " contracts " were produced at the trial, nor does it appear that any attempt was made to accomplish their production. It also appears from the testimony that plaintiff's said secretary, when he took the unreceipted invoices at the time he made the loan for plaintiff, noticed that the invoices were not receipted. And although he had not seen, or made any effort to see, the " contracts " mentioned in the invoices, he advanced the money to Thissell, being aware all the time of the location of defendant's place of business in Buffalo.

The plaintiff had no right to rely upon those documents, unreceipted, as showing title to the trucks in Thissell. They did not furnish evidence of a sale or of title; they pointed as appro-

priately to a bailment as to a sale.    (*Dows* v. *National Exch. Bank,* 91 U. S. 618, 630.)

Taking the view of the testimony most favorable to plaintiff, with respect to the two five-ton trucks, we find a failure of proof as to both alleged causes of action.    No title or indicia of title to or possession of those two trucks in Thissell prior to January 17, 1922, has been shown; so far as those trucks are concerned, Thissell had nothing to mortgage on January 14, 1922.    And no fraudulent scheme between defendant and Thissell to obtain money from the plaintiff has been proved.

Plaintiff's Exhibit 27 is a letter to defendant from Thissell, asking for information.    To this letter one B. F. Irvine subscribed his acknowledgment that a statement in the letter to the effect that the three trucks were purchased January 14, 1922, by Thissell is correct.    The defendant objected and took exception to the admission of this document in evidence, on the ground that said Irvine was but a cashier of defendant and not legally capable of binding defendant by this admission signed by him.    The exception was well taken, and no inference in plaintiff's favor can, therefore, be drawn from this document.

As to the three-and-one-half-ton truck, the state of proof is different in an important respect.    There is testimony from which the jury might well have found, not only that Thissell had ordered and made a down payment upon this truck in November, 1921, but that he had possession of it, and was using it in his business at that time and thereafter.    This sort of possession and use of personal property, there being no proof of actual notice and no proof of anything on record or on file, giving constructive notice to plaintiff of any claim or interest of another party to or in the property, precluded a nonsuit.    Such possession and use was at least presumptive evidence of ownership in Thissell, although perhaps weak; and after the testimony was all in it was for the jury to say whether, and if so, when, there had been a contract of sale between defendant and Thissell, what the intentions of the parties had been and when property in this truck had passed to Thissell.    (Pers. Prop. Law, § 99, as added by Laws of 1911, chap. 571; *Empire State Type Founding Co.* v. *Grant,* 114 N. Y. 40; *Rawley* v. *Brown,* 71 id. 85.)

Plaintiff has combined with its appeal from the judgment of dismissal an appeal from an order denying its application to amend the judgment by providing therein that it was without prejudice to a new action.    We find that the denying of said motion by the learned trial court was fully authorized by section 482 of the Civil Practice Act.

The conclusions reached demand a reversal of the judgment appealed from on the law and the granting of a new trial, with costs to appellant to abide the event.

HUBBS, P. J., CLARK, DAVIS and CROUCH, JJ., concur.

Judgment reversed on the law and a new trial granted, with costs to appellant to abide event.